107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Elbert HUNTER, Defendant-Appellant.
 No. 96-30120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1997.
Decided Jan. 29, 1997.
 
 1
 Before: PREGERSON and THOMAS, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 John Elbert Hunter ("Hunter") was called before a grand jury in April 1995 to testify regarding an ongoing tax evasion and fraud conspiracy. One member of this conspiracy, Patrick Mathis, an old friend of Hunter's, had already testified before the same grand jury; unbeknownst to Hunter, Mathis was also a government informant. Prior to his own grand jury appearance, Hunter met with Mathis and spoke with him about Mathis' testimony, so that their stories would be consistent. Federal agents videotaped this meeting with a hidden camera.
 
 
 4
 Before the grand jury, Hunter knowingly made four statements which the videotape evidence conclusively established were false. Hunter was subsequently tried, convicted, and sentenced on four counts of perjury. Hunter now appeals his conviction and sentence, and makes five assignments of error. Because our review of the record indicates that the court below properly denied Hunter's motion to dismiss and motion for judgment of acquittal and sentenced him in accordance with the Sentencing Guidelines, we affirm.
 
 I. Sentencing
 
 5
 The grand jury foreperson testified at trial that the grand jury subpoenaed Hunter to elicit testimony regarding certain aspects of the subject criminal enterprise. Hunter's lies were not what the grand jury had hoped for. Indeed, the foreperson testified at trial that Hunter's false testimony prevented the grand jury from making further inquiries and handing down further indictments. As a result, the sentencing court's finding that Hunter's perjury "resulted in substantial interference with the administration of justice," because it caused the "premature or improper termination of a felony investigation," is not clearly erroneous, and the sentencing court properly imposed a three-level upward adjustment. U.S.S.G. § 2J1.3(b)(2) & Application Note 1.
 
 II. Perjury Trap
 
 6
 "A perjury trap is created when the government calls a witness before the grand jury for the primary purpose of obtaining testimony from him in order to prosecute him later for perjury." U.S. v. Chen, 933 F.2d 793, 796 (9th Cir.1991). The Ninth Circuit has never applied the perjury trap doctrine. Id. at 797. Although this Circuit may someday hear an appeal which supports the doctrine, this is not such an appeal: the evidence demonstrates that the "primary purpose" of Hunter's testimony was to unearth facts about an ongoing criminal conspiracy.
 
 III. Prosecutorial Misconduct
 
 7
 Under Ninth Circuit case law, a prosecutor may lawfully contact a person represented by counsel, where that contact is pre-indictment and non-custodial. U.S. v. Lopez, 4 F.3d 1455, 1461 (9th Cir.1993). Such contact, because it is "authorized by law," is therefore permitted under the Oregon Code of Professional Responsibility. Oregon Rules of Court, DR 7-104(A)(1)(b). Since the prosecutor's contact with Hunter in this case was of the sort permitted by Lopez, the district court properly denied Hunter's motion to dismiss for prosecutorial misconduct.
 
 IV. Materiality--Counts One, Three, and Four
 
 8
 A statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed. U.S. v. Gaudin, 115 S.Ct. 2310, 2314 (1995). In this case, Hunter's perjurious statements were a direct cause of the grand jury's termination of its investigation, and the grand jury foreperson so testified at trial. That the grand jury already knew the correct answers to the questions posed to Hunter is of no import. U.S. v. Gordon, 844 F.2d 1397, 1404 (9th Cir.1988). The jury had ample evidence from which it could find materiality beyond a reasonable doubt as to these three counts, and the district court's denial of Hunter's motion for judgment of acquittal was thus proper.
 
 V. Materiality--Count Two
 
 9
 Whether the jury had sufficient evidence of materiality to support a guilty finding as to count two is a closer question. Hunter's conviction on this count was based on the following exchange before the grand jury:
 
 
 10
 Q: Has [Mathis] told you that he lied to the grand jury?
 
 
 11
 A: No, he has not.
 
 
 12
 Q: He's never told you that?
 
 
 13
 A: Not to the best of my recollection.
 
 
 14
 Q: Has he ever told you that he perjured himself in front of the grand jury at his last appearance?
 
 
 15
 A: No.
 
 
 16
 Q: Has he ever told you that he perjured himself in the grand jury in any appearance he's made?
 
 
 17
 A: No.
 
 
 18
 Taken out of context, this colloquy is what one would expect before a grand jury investigating Mathis' perjury, not a grand jury investigating fraud, tax evasion, and obstruction of justice. We think the relevance (and therefore the materiality) of this questioning is open to some doubt. Indeed, that Hunter's answer affected his credibility is the sole basis offered by the government for the materiality of count two.
 
 
 19
 Nonetheless, although one can imagine circumstances where credibility alone is insufficient to support a finding of materiality, Hunter's perjury was not so collateral or subsidary that it lacked a "natural tendency to influence the grand jury's decisionmaking." U.S. v. Lococo, 450 F.2d 1196, 1199 (9th Cir.1971), cert. denied, 406 U.S. 945 (1972). The testimony underlying count two bore a sufficient connection to the subjects of the grand jury's investigation that the testimony was "relevant"--and therefore material--" to whether the grand jury was hearing the truth about [the conspiracy]." Gordon, 844 F.2d at 1404. The district court properly denied Hunter's motion to dismiss for lack of materiality.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3